**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **INDICTMENT NO. 1:26-cr-00053** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALTON VINCENT** | ) | |
| **a/k/a "SLAUGHTER"** | ) | |

**GOVERNMENT'S NOTICE OF EXPERT WITNESS TESTIMONY**

Now comes the United States of America, by and through Margaret E. Heap, United States Attorney for the Southern District of Georgia, and shows as follows:

Pursuant to Rule 16(a)(1)(G), the government provides notice to the defense of the following expert witness expected to testify at the trial of the above-referenced case:

**A. Interstate and Foreign Commerce Nexus (Firearm)**

Johnny McDonald is a Special Agent in the Augusta Field Office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. He will testify to facts and identifying data regarding the firearms recovered in this case, including their movement in interstate and foreign commerce. Specifically, SA McDonald will testify that the Glock, Model 31, .357 caliber pistol (S/N BZVL221) referenced in the Indictment is a firearm within the definition of 18 U.S.C. Section 921(a)(3) and moved in interstate or foreign commerce. SA McDonald bases his opinions upon the firearm's markings, which include but are not limited to the serial number, name of the manufacturer, model, caliber. He also consulted and relied upon reference materials (further detailed in discovery), research, and his own training and experience. SA McDonald has been qualified previously as an expert witness in federal court for this purpose. The government has provided his

curriculum vitae to counsel in discovery. SA McDonald has no publications within the past ten years. Within the past four years, SA McDonald testified in 1:19-CR-125: *United States v. Michael Venetez McRae*, and 6:19-cr-007: *United States v. Ashley Powell,* both in the Southern District of Georgia. SA McDonald's Nexus report, which he digitally signed, is being provided in discovery.

**B. Memorandum of Law and Citations to Authority**

The Federal Rules of Evidence provide for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed. R. Evid. 702. Pursuant to Rule 702, a witness, "qualified as an expert by knowledge, skill, experience, training, or education may testify . . . in the form of an opinion or otherwise." *Id.*

Expert testimony is admissible if it is both relevant and reliable, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)[1], and where it is "the kind that enlightens and informs lay persons without expertise in a specialized field." *United States v. Burchfield*, 719 F.2d 356, 357-58 (11th Cir. 1983). To ensure these elements are present, the trial judge serves as a "gatekeeper." *United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir. 1999) (citing *Daubert*, 509 U.S. at 2796-97). "'[F]ederal district courts . . . perform [this] important gatekeeping function by screening the reliability of

---

[1] In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court confirmed that *Daubert's* gatekeeping obligation extends to beyond scientific experts to all of the expert matters described in Rule 702. *Kumho Tire*, 526 U.S. 149; *United States v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999) (holding that the trial judge is required to inquire into the areas of relevance and reliability whether the expert testimony is "scientific" or otherwise)).

all expert testimony, but they have substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable.'" *Majors*, 196 F.3d at 1215 (quoting *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.*, 178 F.3d 1030, 1034 (8th Cir.1999); citing *Kumho Tire*, 526 U.S. at 1174-76).[2]

WHEREFORE, the government requests that the Court permit Special Agent McDonald to testify to the foregoing information as an expert in his field, subject to the government laying the proper evidentiary foundation at trial.

This 11th day of August, 2026.

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Joshua Kyle Davis***
Joshua Kyle Davis
Assistant United States Attorney
Georgia Bar No. 575970
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, Georgia 30903
T: (706) 826-4537
E: kyle.davis2@usdoj.gov

[2] A district court's decision to admit or exclude expert testimony under Rule 702 is reviewed for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *United States v. Gilliard*, 133 F.3d 809, 812 (11th Cir.1998).

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the notice of electronic filing (“NEF”) which was generated as a result of electronic filing in this Court.

This 11th day of August, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Joshua Kyle Davis***
Joshua Kyle Davis
Assistant United States Attorney
Georgia Bar No. 575970
United States Attorney’s Office
Southern District of Georgia
P.O. Box 2017
Augusta, Georgia 30903
T: (706) 826-4537
E: kyle.davis2@usdoj.gov