**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 126-053 |
| | * | |
| ALTON VINCENT | * | |

# O R D E R

Defendant Alton Vincent has been indicted for possession of a firearm by a prohibited person, a violation of 18 U.S.C. § 922(g)(8), and for making a false statement during purchase of a firearm, a violation of 18 U.S.C. § 924(a)(1)(A). On August 11, 2026, Defendant appeared before the Court for initial appearance and arraignment. At that time, the Government moved for pretrial detention, and the Court then conducted a detention hearing.

The Bail Reform Act provides that a defendant may be detained pending trial only if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). This rule implies a presumption in favor of release in many cases including this one. To overcome this presumption, the Government must prove dangerousness by clear and convincing evidence and court appearance by a preponderance of the evidence. <u>United States v.</u>

Quartermaine, 913 F.2d 910, 917 (11th Cir. 1990). Here, the Government moved to detain Defendant as a danger to the community.

Upon consideration of the factors listed in § 3142(g)(1), the Court finds by clear and convincing evidence that no conditions or combination of conditions of release will reasonably assure the safety of any other person and the community. First, the nature of his charge, possession of a firearm by a prohibited person and providing a false statement to purchase another firearm, weighs in favor of detention. Second, the weight of the evidence to include violation of the Temporary Protective Order ("TPO") which clearly indicates – in the Superior Court Judge's handwriting – that Defendant is prohibited from owning a firearm weighs in favor of detention. Third, the history and characteristics of this Defendant weigh in favor of detention. While Defendant does not have a significant criminal history, he has also not been employed since 2020 and has no assets; yet, he somehow occupies himself in a way that allows him to make three attempted expensive cash firearm purchases over the last year (and while under the TPO's firearm prohibition). Moreover, after his arrest in this case, Defendant violated the TPO by contacting Petitioner to influence – even intimidate – her to request dismissal of the TPO; this contact – whether direct or indirect – was another violation of the TPO. In short, Defendant has demonstrated that he will not abide by the law, a lawful court order, or conditions of a bond.

Upon the foregoing, and for the reasons more amply stated in open court upon the record at the close of the detention hearing, the Court **ORDERS** that Defendant Alton Vincent is **DETAINED** pending trial. Defendant is therefore remanded to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of August, 2026.

UNITED STATES DISTRICT JUDGE